NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-2049
_____

CANTERBURY COAL COMPANY;
OLD REPUBLIC INSURANCE COMPANY,
                                        Petitioners

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR;
LEO A. CHEMELLI,
                                        Respondents
_____

On Petition for Review of the Decision and Order of the Benefits
Review Board, United States Department of Labor

(No. BRB-1 : 09-781 BLA )


ARGUED JANUARY 9, 2012

BEFORE:  FUENTES, JORDAN, and NYGAARD, *Circuit Judges*


(Filed: March 2, 2012)


Laura M. Klaus, Esq.
Mark E. Solomons, I, Esq. (Argued)
Greenberg Traurig
2101 L Street, NW, Suite 1000
Washington, DC  20037

        Counsel for Petitioners

Emily B. Goldberg, Esq.
Seton Hall Law School
833 McCarter Highway
Newark, NJ  07102

Barry H. Joyner, Esq. (Argued)
United States Department of Labor
Office of the Solicitor
Suite N-2117
200 Constitution Avenue, NW
Washington, DC  20210

      Counsel for Respondent, OWCP, US Department of Labor

Cheryl C. Cowen, Esq.  (Argued)
769 Lippencott Road
Waynesburg, PA  15370

      Counsel for Respondent, Leo A. Chemelli

_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge*

Canterbury Coal Co. petitioned for review of the Benefit Review Board's order affirming an award of Black Lung benefits to a former coal miner, Leo Chemelli. Canterbury asserts the Administrative Law Judge made a causation finding in Chemelli's prior benefits claim that precluded the instant award, and that this subsequent claim was not supported by new evidence.  It also argued that the allowance of successive claims for benefits, after prior denials, deprived Canterbury of due process, in violation of the Fifth Amendment of the United States Constitution, because it ignored the principle of finality. We will deny the petition.

2

As this opinion is not precedential, we presume the parties' knowledge of the record and will set forth only those facts that are necessary to explain our decision. Chemelli worked in the coal mines for thirty-nine years. He filed the first of four unsuccessful claims for benefits on August 2, 1988. The Administrative Law Judge initially denied Chemelli's fifth claim, ruling that the record did not support a diagnosis of clinical pneumoconiosis. Upon remand from the Board, the Administrative Law Judge held in 2005 that Chemelli's record both established a change in condition of entitlement and supported a diagnosis of legal pneumoconiosis.

Canterbury first asserts error by the Board because, it claims, the Administrative Law Judge determined in the adjudication of Chemelli's fourth claim that the source of total disability was non-occupational adult onset asthma. Canterbury argues that this collaterally estops adjudication on the etiology of Chemelli's disease. However, the Board correctly stated that the Administrative Law Judge "did not definitively determine the etiology of [Chemelli's] respiratory impairment, nor was he required to do so." It was enough to note that Chemelli's fourth claim failed because he had not met his burden of proof in establishing the existence of pneumoconiosis. The Board properly decided that such a holding allowed Chemelli to submit a subsequent claim based upon new evidence of a change in one of the applicable conditions of entitlement, pursuant to 20 C.F.R. § 725.309(d).

Canterbury also challenges the Board's conclusion that the Administrative Law Judge's decision was based upon new evidence of a change of condition of entitlement. Canterbury argues that, to meet the requirements for a subsequent claim, the evidence

3

must show a physical change in Chemelli's health.  However, the Board correctly held that evidence substantiating a diagnosis of legal pneumoconiosis was a change in one of the applicable conditions of entitlement.  *See Labelle Processing Co. v. Swarrow*, 72 F.3d 308, 318 (3d Cir. 1995).  In particular, the Board considered the fact that the Administrative Law Judge reviewed newly submitted medical opinions of five doctors.  He credited the opinion of Dr. Cohen, who examined Chemelli and diagnosed legal and clinical pneumoconiosis based upon a number of factors, including a decreasing diffusion capacity.  Thus, Canterbury's argument has no merit.

Finally, Canterbury argues that the allowance of subsequent Black Lung claims after prior denials violates due process because it prevents finality in claims.  This ignores, however, the prerequisites for subsequent claims set out in the regulations, requiring that claims made over one year after the filing of the first claim can only be brought upon evidence of a change in a condition of entitlement.  20 C.F.R. § 725.309(d).  As we said:  "new facts . . . may give rise to a new claim, which is not precluded by the earlier judgment."  *Labelle Processing Co.*, 72 F.3d at 314.  This is consistent with the generally accepted understanding of pneumoconiosis as a "latent and progressive disease," 20 C.F.R. § 718.201(c), and with the liberal construction that we have historically given to the Black Lung entitlement program so that Congress' remedial intent might be fully respected.  *See Keating v. Director, Office of Workers' Compensation Programs*, 71 F.3d 1118, 1122 (3d Cir. 1995).  Each subsequent claim, therefore, is distinct.  As a result, Canterbury's due process claim is meritless.

For all of these reasons, we will deny Canterbury's petition for review.

4